In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Paul A. HENNINGSEN, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Paul A. HENNINGSEN, Respondent.

Supreme Court

*No. 04–1133–D. Decided August 24, 2004.*

2004 WI 119

(Also reported in 685 N.W.2d 523.)

¶ 1. PER CURIAM. We review the stipulation filed by Attorney Paul A. Henningsen and the Office of

Lawyer Regulation (OLR) pursuant to SCR 22.12[1] concerning Attorney Henningsen's professional misconduct that resulted in his conviction in federal court for four counts of mail fraud, in violation of 18 U.S.C. § 1341. The parties stipulated that the appropriate discipline to impose for that professional misconduct is the suspension of Attorney Henningsen's license to practice law for two years, retroactive to the date on which his license to practice law was summarily suspended based on his criminal conviction.

¶ 2. We approve the stipulation and adopt the stipulated facts and conclusions of law. We agree that the seriousness of Attorney Henningsen's misconduct warrants the suspension of his license to practice law. We accept the parties' stipulation that a two-year suspension is appropriate discipline for this offense. We further agree that it is appropriate to make the suspension retroactive to the date Attorney Henningsen's license was summarily suspended based on his criminal conviction.

---

[1] SCR 22.12 provides: Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

' (4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

¶ 3. Attorney Henningsen was admitted to practice law in Wisconsin in 1976. In January 2003 he was indicted by a federal grand jury on one count of extortion and four counts of mail fraud. In June 2003 a federal court jury acquitted him of the extortion charge but found him guilty on all four mail fraud counts. He was sentenced to 33 months in prison, ordered to pay a $2500 fine and ordered to make restitution of $7370. He is serving his sentence at a federal prison camp in South Dakota. On March 2, 2004, this court summarily suspended Attorney Henningsen's license based on his criminal convictions.

¶ 4. Attorney Henningsen and the OLR have stipulated that by engaging in conduct resulting in his conviction for four counts of mail fraud he committed criminal acts that reflect adversely on his honesty, trustworthiness or fitness as a lawyer in other respects, in violation of SCR 20:8.4(b).[2]

¶ 5. We adopt the findings of fact and conclusions of law to which the parties have stipulated concerning Attorney Henningsen's professional misconduct. We determine that the seriousness of the misconduct warrants the suspension of his license to practice law for two years.

¶ 6. IT IS ORDERED that the license of Paul A. Henningsen to practice law in Wisconsin is suspended for a period of two years, retroactive to March 2, 2004.

¶ 7. IT IS FURTHER ORDERED that, if he has not already done so, Attorney Henningsen comply with

---

[2] SCR 20:8.4(b) provides: "Misconduct. It is professional misconduct for a lawyer to: (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.