In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Brian B. BURKE, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Brian B. BURKE, Respondent.

Supreme Court

*No. 2006AP432–D. Decided May 2, 2007.*

2007 WI 46

(Also reported in 730 N.W.2d 651.)

¶ 1. PER CURIAM. We review the recommendation of the referee that Attorney Brian B. Burke's license to practice law in Wisconsin be suspended due to professional misconduct for two years retroactive to January 3, 2005, and that Attorney Burke pay the costs of the disciplinary proceeding. The referee also recommended that Attorney Burke be required to obtain a minimum of 15 continuing legal education (CLE) ethics credits relating to honesty. Attorney Burke's misconduct consisted of committing criminal acts that reflect adversely on his honesty, trustworthiness and fitness as a lawyer. No appeal has been filed.

¶ 2. We approve the referee's findings of fact and conclusions of law and adopt them. We agree with the referee that the seriousness of Attorney Burke's misconduct warrants a two year suspension of his license to practice law in Wisconsin, along with the imposition of the costs of this disciplinary proceeding and the requirement that 15 CLE ethics credits relating to honesty be completed. We depart from the referee's recommendation with respect to the effective date of the suspension and order the suspension to be retroactive to January 3, 2006, the date this court summarily suspended Attorney Burke's law license.

199

¶ 3. Attorney Burke was admitted to practice law in Wisconsin in 1981. He has not been subject to any previous disciplinary proceedings. He has served as an elected Wisconsin state senator.

¶ 4. A criminal prosecution was filed against Attorney Burke in Dane County Circuit Court. The charges involved allegations that between December 2000 and April 2002, Attorney Burke, while serving in public office as a senator, intentionally supervised and oversaw extensive work of state employees performing acts to further his campaign for attorney general using resources of the state of Wisconsin over which Attorney Burke had authority to control in his public office.

¶ 5. On April 18, 2003, an amended criminal complaint charged Attorney Burke with misconduct in public office as party to the crime in Counts 1—14; with fraudulent concealment of a public record as party to the crime in Counts 15 and 17; with withholding a subpoenaed document in Count 16, and with alteration of documents subject to subpoena as party to the crime in Count 18.[1]

¶ 6. On October 5, 2005, pursuant to a plea agreement with the State, Attorney Burke entered a guilty plea to Count 1, misconduct in public office, in violation of Wis. Stat. §§ 939.05 and 946.12(3) (2001–02),[2] a Class E felony. He also pled guilty to Count 16, obstructing an officer, in violation of Wis. Stat. § 946.41(1), as amended to a Class A misdemeanor.

---

[1] On July 27, 2004, the Dane County Circuit Court dismissed Counts 2—6 pursuant to motions. On August 13, 2004, an amended information was filed recharging Counts 2—6 as misdemeanors. Counts 2—6 were dismissed by the Dane County Circuit Court on December 22, 2004.

[2] All further references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

¶ 7.    In addition, Attorney Burke and the State agreed that Counts 7—14 be amended to a single charge of intentional misuse of public office. This single count was then dismissed and "read in" for sentencing purposes. The circuit court dismissed the remaining counts. On November 30, 2005, Attorney Burke was sentenced to six months in jail. The court authorized a payment plan with respect to a forfeiture/fine.

¶ 8.    On January 3, 2006, upon stipulation, this court summarily suspended Attorney Burke's law license pursuant to SCR 22.20. Attorney Burke claims to have voluntarily refrained from practicing law from July or August of 2002 through the time of his summary suspension.

¶ 9.    On February 22, 2006, the Office of Lawyer Regulation (OLR) filed a disciplinary complaint alleging two counts of misconduct. Count 1 alleged that by intentionally hiring, retaining, and supervising state employees to work on his campaign for the office of Wisconsin Attorney General during times when they were compensated as state employees, or using state resources or both, contrary to Wis. Stat. §§ 939.05 and 946.12(3), Attorney Burke committed criminal acts that reflect adversely on his honesty, trustworthiness and fitness as a lawyer, in violation of SCR 20:8.4(b).[3]

¶ 10.    Count 2 of the OLR complaint alleged that by intentionally withholding a document, knowing that the document had been subpoenaed by the Dane County Circuit Court at the request of the Dane County District Attorney, contrary to Wis. Stat. § 946.41(1), Attorney Burke committed a criminal act that reflects

[3] SCR 20:8.4(b) states that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

201

adversely on his honesty, trustworthiness and fitness as a lawyer, in violation of SCR 20:8.4(b). The complaint sought a suspension of Attorney Burke's license for a period of two years, retroactive to January 3, 2006, and sought the assessment of costs of the disciplinary proceedings pursuant to SCR 22.24.[4]

¶ 11.  Dennis J. Flynn was appointed referee on June 6, 2006. On August 14, 2006, the parties filed a stipulation of facts. The referee accepted the facts as set forth in the stipulation. The referee filed his report and recommendation on November 22, 2006. The report concluded that the record conclusively established the counts alleged in the complaint. The referee recommended Attorney Burke's license to practice law be suspended retroactively to January 3, 2005, and that the costs of the disciplinary proceeding be assessed against him.

¶ 12.  The referee's reason for recommending the suspension be retroactive to January 2005 was that Attorney Burke had voluntarily not practiced law since the summer of 2002. In recommending a two year suspension, the referee found both mitigating and aggravating factors. Mitigating factors were:  (1) Attorney Burke had not been the subject of previous discipline; (2) he had been involved with distinction in public office for two decades; (3) his misconduct did not directly relate to the practice of law; (4) he has received a substantial penalty from the criminal convictions

---

[4] The parties had filed a stipulation pursuant to SCR 22.12. In a May 15, 2006 order, this court found that the stipulation did not comport with SCR 22.12(1) because it failed to stipulate to conclusions of law regarding the misconduct alleged in the OLR complaint. Therefore, this court did not approve the stipulation and the matter proceeded as a complaint filed without a stipulation.

including jail, fines and restitution; (5) Attorney Burke is barred from certain political careers as a result of his criminal convictions; (6) Attorney Burke has been unemployed for a lengthy period of time; and (7) Attorney Burke has demonstrated remorse and cooperation since the resolution of criminal charges.

¶ 13. The referee noted the following aggravating factors: (1) the crime of misconduct in office involved the use of state resources for personal gain; (2) the crime of obstructing an officer involved intentional efforts to mislead and cover up facts in a criminal investigation; (3) the misconduct involved dishonesty and violation of public trust; and (4) the misconduct furthered efforts to obtain a public office that could only be held by a Wisconsin licensed attorney.[5]

¶ 14. The matter is now before this court to review the referee's report and recommendation. No appeal has been filed, although Attorney Burke has filed an objection to the imposition of full costs.

¶ 15. This court concludes that the record supports the referee's findings of fact and conclusions of law. They are unchallenged and this court adopts them. In evaluating the appropriate discipline, which this court does independently of the referee's recommenda-

---

[5] On November 30, 2006, the OLR moved to reconsider the retroactivity portion of the recommended license suspension. The OLR disagreed that Attorney Burke's voluntary cessation from legal practice was by virtue of an agreement with the OLR. It pointed out that, in response to the OLR's motion and Attorney Burke's stipulation, this court summarily suspended Attorney Burke's license pursuant to SCR 22.20 on January 3, 2006. Attorney Burke opposed the OLR's motion for reconsideration. On December 26, 2006, the referee filed a decision denying the OLR's reconsideration motion.

203

tion, this court considers the seriousness of the miscon-
duct, the need to protect the public, the courts and legal
system from repetition of misconduct, and the need to
deter other attorneys from engaging in similar miscon-
duct. *See In re Disciplinary Proceedings Against Arthur,*
2005 WI 40, ¶ 78, 279 Wis. 2d 583, 694 N.W.2d 910.

■

¶ 16.   Attorney Burke's misconduct involving dis-
honesty and violation of the public trust reflects serious
infractions of Supreme Court Rules of Professional
Conduct. This court concludes that a two year license
suspension is necessary to achieve the objectives of
lawyer discipline. However, we depart from the referee's
reasoning with respect to the effective date of the
license suspension. Consistent with this court's past
practices, we conclude that Attorney Burke's license
suspension shall be retroactive to the date we sum-
marily suspended his license on January 3, 2006.

¶ 17.   We reject Attorney Burke's challenge to the
imposition of the costs of the disciplinary proceeding.
On December 11, 2006, the OLR filed a statement of
costs totaling $11,081.49. Attorney Burke requested
that less than the full amount of costs be assessed based
on principles of equity, fairness and his financial cir-
cumstances. This court concludes that Attorney Burke's
financial circumstances do not override the principles
of equity and fairness, which require the assessment of
the entire costs against Attorney Burke.

¶ 18.   IT IS ORDERED that the license of Brian B.
Burke to practice law in Wisconsin is suspended for two
years, effective retroactive to January 3, 2006.

¶ 19.   IT IS FURTHER ORDERED that within 60
days of the date of this order Brian B. Burke pay to the
Office of Lawyer Regulation the costs of this proceed-

204

ing. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Attorney Burke to practice law shall remain suspended pending further order of the court.

¶ 20. IT IS FURTHER ORDERED that Attorney Burke shall complete 15 hours of continuing legal education ethics credits.

¶ 21. IT IS FURTHER ORDERED that to the extent he has not done so, Brian B. Burke shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 22. DAVID T. PROSSER, J., took no part.