In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Brian B. BURKE, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Brian B. BURKE, Respondent.

Supreme Court

*No. 2006AP432–D. Decided October 9, 2008.*

2008 WI 119

(Also reported in 756 N.W.2d 564.)

¶ 1. PER CURIAM. We review the report and recommendation of the referee, Christine Harris Taylor, that the petition of Attorney Brian B. Burke for the reinstatement of his license to practice law in this state be granted. Because no party has responded to or appealed from that report and recommendation, our review proceeds under SCR 22.33(3).[1]

¶ 2. After independently reviewing the matter, we determine that Attorney Burke has met his burden for reinstatement of his license to practice law in Wisconsin. We also conclude that Attorney Burke should be required to pay the outstanding costs of this reinstatement proceeding, amounting to $3,876.39 as of July 18, 2008.

¶ 3. The standards that apply to all petitions seeking reinstatement after a disciplinary suspension/

---

[1] SCR 22.33(3) provides that "[i]f no appeal is timely filed, the supreme court shall review the referee's report, order reinstatement, with or without conditions, deny reinstatement, or order the parties to file briefs in the matter."

revocation are found in SCR 22.31(1).[2] The petitioning attorney must demonstrate by clear, satisfactory, and convincing evidence that he has the moral character necessary to practice law in this state, that his resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that he has fully complied with the suspension order and SCR 22.26. In addition, SCR 22.31(1)(c) incorporates requirements for a petition for reinstatement, pursuant to SCR 22.29(4)(a)-(4m).[3] The

---

[2] SCR 22.31(1) states:

The petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:

(a) That he or she has the moral character to practice law in Wisconsin.

(b) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(c) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to [(4m)] and 22.29(5), are substantiated.

(d) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

[3] SCR 22.29(4)(a) through (4m) provides that a petition for reinstatement shall show all of the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

petitioning attorney must demonstrate that the required representations in the reinstatement petition are substantiated.

¶ 4. Attorney Burke was admitted to practice law in Wisconsin in September 1981. From 1988 until January 3, 2003, Attorney Burke served as an elected Wisconsin state senator. On January 3, 2006, pursuant to SCR 22.20, this court summarily suspended Attorney Burke's law license. He has not practiced law since that time.

¶ 5. Attorney Burke's misconduct consisted of committing criminal acts that reflected adversely on his honesty, trustworthiness, and fitness as a lawyer. *See In re Disciplinary Proceedings Against Burke,* 2007 WI 46, 300 Wis. 2d 198, 730 N.W.2d 651. The criminal charges alleged that between December 2000 and April 2002,

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

(4m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct, including reimbursement to the Wisconsin lawyers' fund for client protection for all payments made from that fund, or, if not, the petitioner's explanation of the failure or inability to do so.

265

Attorney Burke, while serving in public office as a senator, intentionally supervised and oversaw extensive work of state employees performing acts to further his campaign for attorney general, using resources of the State of Wisconsin over which Attorney Burke had authority to control in his public office. *Id.*, ¶ 4. On October 5, 2005, pursuant to a plea agreement with the State, Attorney Burke entered a guilty plea to one count of misconduct in public office, a Class E felony, and one count of obstructing an officer, a Class A misdemeanor. Other charges were amended, dismissed, and read in. *See id.*, ¶ 7.

■

¶ 6.   On October 29, 2007, Attorney Burke filed a petition for reinstatement of his license to practice law. As required by SCR 22.29, Attorney Burke's petition states that he has fully complied with the terms of the order of his suspension and will continue to comply with them until his license is reinstated. He states he has not practiced law during his period of suspension and, by agreement with the Office of Lawyer Regulation (OLR), he voluntarily refrained from the practice of law from the summer of 2002, when he was advised that the OLR was reviewing the events on which the disciplinary proceeding was based. He also states that he has paid the costs of the disciplinary proceedings in the sum of $11,081.49. He avers that he has obtained 15 continuing legal education credits and has fully complied with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 7.   Following its investigation, the OLR filed a response to Attorney Burke's reinstatement petition that conditionally supported the petition, subject to the outcome of the public hearing. At the end of the public

hearing, the OLR did not oppose reinstatement. The Board of Bar Examiners (BBE) also recommended Attorney Burke's license reinstatement. The BBE confirmed that Attorney Burke completed the necessary number of continuing legal education hours, including ethics credits.

¶ 8. A public hearing on Attorney Burke's petition for reinstatement was held May 29, 2008. On July 2, 2008, the referee submitted her report recommending that Attorney Burke's license to practice law in Wisconsin be reinstated. The referee stated that no evidence was presented at the public hearing to cast doubt on Attorney Burke's present qualifications to practice law. The referee observed that the public hearing and the entire proceedings were not contentious.

¶ 9. The referee found that Attorney Burke's conduct since his suspension has been exemplary and above reproach. The referee observed Attorney Burke displayed the proper understanding and attitude toward the standards imposed upon members of the bar and concluded he will act in conformity with those standards. The referee found that Attorney Burke testified convincingly about the facts and circumstances of his ethical lapses that led to his criminal conviction, subsequent suspension, his activities during the last two years, as well his current situation and future plans. The referee concluded that Attorney Burke can safely be recommended to the legal profession, the courts, and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence.

¶ 10. Attorney Burke presented the testimony of five witnesses attesting to his character. The referee found there was no doubt that Attorney Burke has been rehabilitated and will approach any future activities as

267

a lawyer with a keenly heightened awareness and vigilance. The referee determined the evidence proves, to the standard of clear, satisfactory, and convincing, that Attorney Burke has fully complied with the terms of the suspension order and SCR 22.26, that his resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that he has the moral character to practice law in Wisconsin.

¶ 11. The referee concluded that Attorney Burke established by clear, satisfactory, and convincing evidence that he has satisfied all of the criteria in SCR 22.29 for reinstatement of his license to practice law. The referee found that Attorney Burke has maintained competence and learning in the law by attending 12 different continuing legal education seminars. The referee recommended the petition for reinstatement be granted and that Attorney Burke pay the costs of the reinstatement proceeding within six months following his reinstatement.

¶ 12. Upon our independent review, we determine that the referee's findings of fact are not clearly erroneous. *See In re Disciplinary Proceedings Against Carroll*, 2004 WI 19, ¶ 9, 269 Wis. 2d 172, 675 N.W.2d 792 (referee's factual findings affirmed unless clearly erroneous). We agree with the referee, based upon those factual findings, that Attorney Burke has satisfied the legal requirements for the reinstatement of his license to practice law in Wisconsin. We note that Attorney Burke has not been subject to professional discipline prior to his current suspension. In addition, while Attorney Burke's professional misconduct in the course of his work as a state senator seriously breached the public trust, it did not directly relate to his work as a practicing lawyer representing clients. Based on the

referee's findings of fact, we have no reason to doubt that Attorney Burke will meet his professional obligations as an attorney. Therefore, we grant Attorney Burke's petition for reinstatement. We further determine that Attorney Burke should be required to pay the full costs of this reinstatement proceeding.

¶ 13.   IT IS ORDERED that Brian B. Burke's license to practice law in Wisconsin is reinstated effective the date of this order.

¶ 14.   IT IS FURTHER ORDERED that within 180 days of the date of this order Brian B. Burke shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Brian B. Burke to practice law in Wisconsin shall be suspended until further order of the court.

¶ 15.   DAVID T. PROSSER, J., did not participate.