In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Keith R. HUGHES, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Keith R. HUGHES, Respondent.

Supreme Court

*No. 2007AP2546–D. Decided October 14, 2008.*

2008 WI 120

(Also reported in 756 N.W.2d 567.)

¶ 1. PER CURIAM. We review the report of the referee recommending that Attorney Keith R. Hughes' license to practice law in Wisconsin be suspended for three years for professional misconduct. No appeal has been filed.

¶ 2. On November 6, 2007, the Office of Lawyer Regulation (OLR) filed a single count disciplinary complaint alleging that Attorney Hughes' criminal conduct reflected adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects, in violation of SCR 20:8.4(b).[1] Allan Beatty was appointed referee.

¶ 3. The violation arises out of the charge against Attorney Hughes for the felony of conspiracy to commit offense or to defraud the United States, in violation of 18 U.S.C. § 371.[2] We adopt the referee's report and recommendation and conclude that the seriousness of Attorney Hughes' misconduct warrants suspension of his license to practice law for three years.

¶ 4. Attorney Hughes was admitted to practice law in Wisconsin in 1989 and practiced in Eagle River. In 1999 he consented to a private reprimand for incompetence and obtaining from a client a prospective mal-

---

[1] SCR 20:8.4(b) provides it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

[2] *See United States v. Hughes*, Case No. 06CR344 (E.D. Wis. 2007).

practice waiver. On September 11, 2007, this court summarily suspended Attorney Hughes' license to practice law in Wisconsin pursuant to SCR 22.20. *See Office of Lawyer Regulation v. Hughes,* Case No. 2007XX913–D. His license remains suspended.

¶ 5. In December 2006 Attorney Hughes entered a plea agreement whereby he agreed to plead guilty to conspiracy to commit offense or to defraud the United States, in violation of 18 U.S.C. § 371. On April 18, 2007, Attorney Hughes entered his guilty plea and was found guilty. He was sentenced to a prison term of one year and one day.

¶ 6. The plea agreement said that between November 2002 and November 2003, Attorney Hughes' creditors wrote off as bad debt or referred to collection agencies approximately 28 of Attorney Hughes' credit card loans, resulting in over $270,000 in principal debt plus additional unpaid fees and interest. The federal sentencing transcript indicates that Attorney Hughes conspired with his girlfriend to use the proceeds of the credit card loans, without repayment, to purchase a house in Gulf Shores, Alabama. According to the plea agreement, Attorney Hughes agreed to pay restitution as ordered by the federal court for at least the principal amounts owed to the credit card issuers and their assignees for the credit card debts he incurred in the course of the conspiracy to which he pled guilty. The court ordered $146,100 in restitution.

¶ 7. After reviewing the federal sentencing transcript, the OLR recommended a three-year license suspension. Although the offense to which he pled was serious, the mitigating circumstances discussed at sentencing involved Attorney Hughes' immediate cooperation with authorities. In short, he cooperated fully in the investigation and successful prosecution of the

co-conspirator and provided documentary evidence to corroborate his account of the scheme. The federal prosecutor observed that Attorney Hughes' assistance was significant, his testimony was truthful, and he had accepted responsibility. The prosecutor said that Attorney Hughes should be rewarded for the extraordinary steps he had taken to pay a significant amount of restitution after being charged and before sentencing.

¶ 8. The OLR and Attorney Hughes stipulated that a three-year suspension of Attorney Hughes' license to practice law in Wisconsin (effective September 11, 2007, the date of the summary suspension) would be appropriate. They stipulated that Attorney Hughes should be responsible for the cost of the disciplinary proceeding.

¶ 9. The stipulation states it is not the result of a plea bargain but reflects the OLR's measured consideration of information not available earlier. The stipulation also states that every averment of the disciplinary complaint is true and accurate, specifically that Attorney Hughes committed professional misconduct because his criminal conduct reflects adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects, in violation of SCR 20:8.4(b).

¶ 10. Referee Beatty adopted the fact portion of the parties' stipulation and concluded Attorney Hughes violated SCR 20:8.4(b), as alleged in count one of the disciplinary complaint. The referee recommends a three-year suspension of Attorney Hughes' license to practice law in Wisconsin, retroactive to September 11, 2007. Referee Beatty also recommends Attorney Hughes pay the cost of the disciplinary proceeding. On June 26, 2008, the OLR submitted a statement of costs in the amount of $1,185.08.

¶ 11. We adopt the referee's findings and conclusions set forth in his report and accept his recommendation. Attorney Hughes' misconduct is a serious violation warranting license suspension. A three-year license suspension together with the imposition of the full cost of this proceeding is justified. This court takes into account the mitigating factors discussed in the federal sentencing transcript, which include Attorney Hughes' restitution attempts and his immediate and full cooperation with authorities.

¶ 12. A three-year suspension is commensurate with discipline imposed in other cases. For example, this court suspended Attorney Brian Burke's license for a period of two years, retroactive to January 3, 2006, after disciplinary proceedings were instituted following his conviction for misconduct in public office, a Class E felony, and obstructing an officer, a Class A misdemeanor. *See In re Disciplinary Proceedings Against Burke,* 2007 WI 46, ¶ 6, 300 Wis. 2d 198, 730 N.W.2d 651. This court suspended Attorney Michael A. Gral's license for three years related to a federal criminal conviction for mail fraud. The federal court had sentenced Gral to two years imprisonment and a $50,000 fine. *See In re Disciplinary Proceedings Against Gral,* 2007 WI 22, 299 Wis. 2d 160, 727 N.W.2d 495. In 2005 Attorney Mark E. Sostarich received an 18–month suspension for his conviction of the crime of conspiracy of sharing legal fees paid by his client with Gary George as part of a larger conspiracy. *See In re Disciplinary Proceedings Against Sostarich,* 2005 WI 97, 282 Wis. 2d 712, 698 N.W.2d 711.

¶ 13. IT IS ORDERED that the license of Keith R. Hughes to practice law in Wisconsin is suspended for a period of three years, effective the date of his summary license suspension, September 11, 2007.

¶ 14. IT IS FURTHER ORDERED that to the extent he has not done so already, Keith R. Hughes shall comply with SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 15. IT IS FURTHER ORDERED that within one year of the date of this order Keith R. Hughes pay to the Office of Lawyer Regulation the cost of this proceeding. If the cost of this proceeding is not paid within the time specified and absent a showing to this court of his inability to pay within that time, the license of Keith R. Hughes to practice law in Wisconsin shall remain suspended until further order of this court.