# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE No.: | 2013AP149-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Walter W. Stern, III, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>          Complainant,<br>     v.<br>Walter W. Stern, III,<br>          Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST STERN

| | |
|---|---|
| OPINION FILED: | May 21, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

**2013 WI 46**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2013AP149-D

STATE OF WISCONSIN      :      IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Walter W. Stern, III, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

  **v.**

**Walter W. Stern, III,**

      **Respondent.**

**FILED**

**MAY 21, 2013**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1   PER CURIAM.   We review, pursuant to SCR 22.17(2),[1] the report of the referee, Richard C. Ninneman, recommending the

---

[1] SCR 22.17(2) states:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate

court suspend Attorney Walter W. Stern, III's license to practice law for a period of two years for professional misconduct resulting in his federal criminal conviction for conspiring to commit money laundering in violation of 18 U.S.C. § 1956(h).[2] No appeal has been filed.

¶2 We approve and adopt the referee's findings of fact and conclusions of law. We conclude that the seriousness of Attorney Stern's misconduct warrants a two-year license suspension. The Office of Lawyer Regulation (OLR) does not seek costs. No costs will be imposed.

¶3 Attorney Stern has been licensed to practice law in Wisconsin since 1974. He has been subject to a number of previous disciplinary proceedings. In August of 1988, the Board of Attorneys Professional Responsibility (BAPR), the predecessor to the OLR, imposed a private reprimand on Attorney Stern for professional misconduct consisting of communicating on the subject of the representation with a party he knew to be represented by a lawyer without the consent of the lawyer. In September of 1992, BAPR publicly reprimanded Attorney Stern for professional misconduct consisting of advancing a factual position without a basis; failing to maintain the respect due

---

discipline. The court, on its own motion, may order the parties to file briefs in the matter.

[2] Title 18 U.S.C. § 1956(h) states: "Any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy."

courts of justice and judicial officers; violating the Attorney's Oath; and engaging in offensive personality. Public Reprimand of Walter W. Stern III, No. 1992-11. In November of 1993, Attorney Stern consented to a private reprimand for professional misconduct consisting of failing to pay a third-party lien from settlement proceeds after receiving notice of the lien. BAPR Private Reprimand, No. 1993-25. In March of 2008, Attorney Stern consented to a private reprimand for professional misconduct consisting of committing criminal acts that reflected adversely on his honesty, trustworthiness, or fitness as a lawyer. The discipline was a result of Attorney Stern pleading no contest to a second and third offense of Operating a Motor Vehicle While Under the Influence. OLR Private Reprimand, No. 2008-08.

¶4    The disciplinary complaint now before us involves allegations that Attorney Stern engaged in money laundering in connection with funds received by a party, N.L.A., pursuant to a marital settlement agreement (MSA). On or about June 1, 2005, N.L.A. and her then-husband entered into an MSA under which N.L.A. was to receive $95,000. On or about June 22, 2005, N.L.A.'s divorce attorney deposited $29,000 toward the MSA in a trust account.

¶5    Attorney Stern was acquainted with N.L.A. and referred her to a bankruptcy attorney. On or about September 30, 2005, N.L.A. filed a Chapter 7 bankruptcy petition. N.L.A. concealed the MSA and the funds received and due under the MSA from her bankruptcy attorney.

3

¶6 In October of 2005, N.L.A.'s divorce attorney received a second MSA payment of $20,000.

¶7 On or about January 14, 2006, the bankruptcy court determined N.L.A.'s petition to be a no-asset case and discharged her debts.

¶8 On or about January 17, 2006, N.L.A.'s divorce attorney received a third MSA payment of $20,000.

¶9 On or about March 3, 2006, N.L.A. gave the funds from the three MSA payments to Attorney Stern. Attorney Stern then purchased a certificate of deposit (CD) from a bank in his own name, with the proceeds going to N.L.A. upon his death.

¶10 In April of 2006, N.L.A. received a fourth MSA payment of $26,000.

¶11 In January of 2007, Attorney Stern used the proceeds from the March 2006 CD and the fourth MSA payment to purchase another CD, also in his name, payable to N.L.A. upon his death.

¶12 On December 20, 2011, a federal grand jury indicted Attorney Stern for violating 18 U.S.C. § 1956(h) by knowingly conspiring with N.L.A. to commit money laundering to conceal the $95,000 N.L.A. received, thereby committing bankruptcy fraud.

¶13 On June 20, 2012, a federal jury found Attorney Stern guilty of the money laundering charge. On January 9, 2013, Attorney Stern was sentenced to federal prison for one year and one day.

¶14 On January 22, 2013, the OLR filed a complaint alleging that by engaging in conduct resulting in his federal criminal conviction for conspiring to commit money laundering in

4

violation of 18 U.S.C. § 1956(h), Attorney Stern committed a criminal act that reflected adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects, contrary to SCR 20:8.4(b)[3] and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, contrary to SCR 20:8.4(c).[4]

¶15 On February 4, 2013, the parties filed a stipulation and no contest plea agreement whereby Attorney Stern pled no contest to the misconduct alleged in the complaint. Attorney Stern agreed that the referee could use the allegations of the complaint as an adequate factual basis for a determination of misconduct and for the discipline requested. Attorney Stern further agreed that it would be appropriate for this court to impose the level of discipline sought by the OLR Director, namely, a two-year suspension of Attorney Stern's license to practice law in Wisconsin. The parties requested that the referee approve the stipulation and file a report finding facts and misconduct consistent with the stipulation and recommending that Attorney Stern's license to practice law be suspended for two years.

---

[3] SCR 20:8.4(b) states it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; . . . ."

[4] SCR 20:8.4(c) states it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation; . . . ."

¶16 On February 20, 2013, the referee filed his findings of fact, conclusions of law, and recommendation in which he adopted the parties' stipulated findings of fact; found that the OLR had proven by clear, satisfactory, and convincing evidence that Attorney Stern violated SCRs 20:8.4(b) and (c); and recommended that Attorney Stern's license to practice law be suspended for two years. No appeal was filed from the referee's report and recommendation.

¶17 This court will affirm a referee's findings of fact unless they are clearly erroneous, but conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. This court is free to impose whatever discipline it deems appropriate, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶18 We adopt the referee's findings of fact and conclusions of law and determine that a two-year suspension is the appropriate discipline for Attorney Stern's professional misconduct. The actions that led to Attorney Stern's federal conviction of conspiring to commit money laundering are serious failings that warrant a significant level of discipline.

¶19 As to costs, the OLR states that Attorney Stern's prompt entry into a comprehensive stipulation avoided expenditure of any significant amount of lawyer regulation system resources. Consistent with the OLR's recommendation, no costs will be imposed.

¶20 IT IS ORDERED that the license of Walter W. Stern, III, to practice law in Wisconsin is suspended for a period of two years, effective the date of this order.

¶21 IT IS FURTHER ORDERED that Walter W. Stern, III, shall comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended.

¶22 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.29(4)(c).