# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP2126-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Steven T. Berman, Attorney at Law: <br><br> Office of Lawyer Regulation, <br>          Complainant, <br>     v. <br> Steven T. Berman, <br>          Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST BERMAN

| | |
|---|---|
| OPINION FILED: | January 3, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2013AP2126-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Steven T. Berman, Attorney at Law:**

**Office of Lawyer Regulation,**

**FILED**

Complainant,

**JAN 3, 2014**

v.

**Steven T. Berman,**

Diane M. Fremgen
Clerk of Supreme Court

Respondent.

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review a stipulation filed pursuant to SCR 22.12[1] by the Office of Lawyer Regulation (OLR) and

---

[1] SCR 22.12 states as follows: Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

Attorney Steven T. Berman. In the stipulation, Attorney Berman agrees that by engaging in conduct leading to a criminal conviction for the felony offense of conspiracy to commit securities fraud, he violated the supreme court rules. He also agrees that a two-year suspension of his license to practice law in Wisconsin is an appropriate level of discipline for his misconduct. There is no request in this matter for a restitution award, nor is there a request for the imposition of costs against Attorney Berman.

¶2 Following careful review of the matter, we agree that a two-year suspension of Attorney Berman's license to practice law is a proper sanction. Since this matter is being resolved without the appointment of a referee, we do not impose any costs on Attorney Berman.

¶3 Attorney Berman was admitted to the practice of law in Wisconsin in 1987. His law license was summarily suspended, upon the motion of the OLR, on August 9, 2013. His license

---

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

2

remains suspended. Attorney Berman has not previously been the subject of professional discipline.

¶4 The stipulation states that on April 12, 2013, Attorney Berman appeared before the Honorable Nathaniel M. Gorton in United States District Court for the District of Massachusetts in the matter of United States v. Steven Berman, CR No. 11-10415-NMG, and entered a guilty plea to the felony offense of Conspiracy to Commit Securities Fraud, in violation of 18 U.S.C. §§ 1348, 1349, and 2. The court adjudged Attorney Berman guilty of Conspiracy to Commit Securities Fraud. On July 16, 2013, Attorney Berman was sentenced to a prison term of 18 months in federal prison, plus a term of one year of supervised release upon his release from imprisonment.

¶5 On September 25, 2013, the OLR filed a complaint alleging that by engaging in conduct leading to his conviction for the felony offense of Conspiracy to Commit Securities Fraud, in violation of 18 U.S.C. §§ 1348, 1349, and 2, Attorney Berman violated SCR 20:8.4(b).[2]

¶6 On October 15, 2013, the parties entered into a stipulation whereby Attorney Berman agreed that his conduct violated SCR 20:8.4(b). Attorney Berman also agreed that it would be appropriate for this court to impose the level of

---

[2] SCR 20:8.4(b) states it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; . . . ."

discipline sought by the OLR director, namely, a two-year suspension of his license to practice law in Wisconsin.

¶7 Attorney Berman represents that he fully understands the misconduct allegation and the ramifications should this court impose the stipulated level of discipline. He also states that he fully understands his right to contest the matter and his right to consult with counsel. He states his entry into the stipulation is made knowingly and voluntarily. He also states that he is aware that imposition of a two-year suspension of his law license would result in his license remaining suspended until and unless he successfully petitions for reinstatement pursuant to the procedures set forth in SCRs 22.29-22.33.

¶8 Having carefully considered this matter, we approve the stipulation and adopt the stipulated facts and legal conclusion of professional misconduct. We also agree that, given the serious nature of the misconduct, a two-year suspension of Attorney Berman's license to practice law is appropriate. We note that we have previously imposed similar suspensions in cases where attorneys have been convicted in federal court of "white collar" crimes. See, e.g., In re Disciplinary Proceedings Against Stern, 2013 WI 46, 347 Wis. 2d 552, 830 N.W.2d 674; In re Disciplinary Proceedings Against Henningsen, 2004 WI 119, 275 Wis. 2d 285, 685 N.W.2d 523.

¶9 IT IS ORDERED that the license of Steven T. Berman to practice law in Wisconsin is suspended for two years, effective the date of this order.

¶10 IT IS FURTHER ORDERED that Steven T. Berman shall continue compliance with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.