# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE No.: | 2013AP2128-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Richard A. Kranitz, Attorney at Law: <br><br> Office of Lawyer Regulation, <br>　　　　Complainant, <br>　　v. <br>Richard A. Kranitz, <br>　　　　Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST KRANITZ

| | |
|---|---|
| OPINION FILED: | July 1, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| 　COURT: | |
| 　COUNTY: | |
| 　JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| 　CONCURRED: | |
| 　DISSENTED: | |
| 　NOT PARTICIPATING: | |

ATTORNEYS:

**2014 WI 47**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2013AP2128-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Richard A. Kranitz, Attorney at Law:**

**Office of Lawyer Regulation,**

   **Complainant,**

 **v.**

**Richard A. Kranitz,**

   **Respondent.**

**FILED**

**JUL 1, 2014**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. In this disciplinary proceeding, we review a stipulation pursuant to SCR 22.12[1] between the Office of

---

[1] SCR 22.12 provides: Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

Lawyer Regulation (OLR) and Attorney Richard A. Kranitz. In the stipulation, Attorney Kranitz agrees with the OLR's position that his misconduct that resulted in a federal felony conviction for conspiracy to commit securities fraud warrants the imposition of a two-year suspension of his license to practice law in Wisconsin.

¶2 After fully reviewing the stipulation and the facts of this matter, we accept the stipulation and impose the two-year suspension jointly requested by the parties. Given the OLR's statement that no funds came into Attorney Kranitz's control in connection with his misconduct and no individual victims were directly harmed, we do not impose any restitution obligation. Finally, in light of the parties' stipulation and the fact that no referee needed to be appointed in this matter, we do not impose any costs on Attorney Kranitz.

¶3 Attorney Kranitz was admitted to the practice of law in June 1969. He most recently practiced in Grafton. He has not been the subject of professional discipline prior to the present matter. Following his federal conviction in 2013, this

---

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

court summarily suspended his license to practice law in Wisconsin pursuant to SCR 22.20. His law license remains suspended.

¶4 On April 16, 2013, Attorney Kranitz entered a guilty plea to one count of conspiracy to commit securities fraud, in violation of 18 U.S.C. §§ 1348, 1349, and 2, in the United States District Court for the District of Massachusetts. United States v. Kranitz, CR No. 11-10415-NMG. During the plea hearing, Attorney Kranitz acknowledged that the federal government would have been able to produce sufficient facts at trial to prove that he had participated in a conspiracy to pay secret kickbacks to a purported investment fund representative in exchange for having the fund pay inflated prices for shares of stock in a corporation, China Wi-Max Communications, Inc. (China Wi-Max), for which Attorney Kranitz served as a director and attorney.[2] Attorney Kranitz's involvement in the conspiracy included drafting agreements and invoices that facilitated the stock purchase and attempted to conceal the kickback. Unbeknownst to Attorney Kranitz and the other co-conspirators, the purported investment fund representative was an undercover agent of the Federal Bureau of Investigation (FBI). Based on

---

[2] Attorney Steven T. Berman, who was also licensed to practice law in Wisconsin, was the chief executive officer of China Wi-Max and was also convicted of conspiracy to commit securities fraud for the same kickback scheme. In the disciplinary proceeding involving Attorney Berman, we suspended his license to practice law in Wisconsin for a period of two years. In re Disciplinary Proceedings Against Berman, 2014 WI 2, 351 Wis. 2d 771, 841 N.W.2d 50.

the information provided by the prosecution and Attorney Kranitz's statements at the plea hearing, the federal district court accepted Attorney Kranitz's guilty plea.

¶5 On July 17, 2013, the federal court sentenced Attorney Kranitz to serve 18 months in prison and one year of supervised release, as well as levied a fine and imposed other conditions. As Attorney Kranitz has noted, while the federal court did not find that Attorney Kranitz needed to pay restitution to any individuals, it did order him and his co-conspirators to repay $16,000 to the federal government.

¶6 In the stipulation in this disciplinary proceeding, Attorney Kranitz admits that his actions in connection with the stock purchase and kickback scheme constituted criminal acts that reflect adversely on his honesty, trustworthiness, or fitness as a lawyer, in violation of SCR 20:8.4(b).[3] He further agrees that a two-year suspension of his license to practice law in this state would be an appropriate level of discipline for his misconduct.

¶7 The stipulation also contains a set of representations by Attorney Kranitz. He represents that he fully understands the misconduct allegations in the OLR's complaint and that he understands the ramifications that would follow this court's acceptance of the stipulation. He further acknowledges that he

---

[3] SCR 20:8.4(b) states it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; . . . ."

4

understands his right to contest the allegations in this matter, but he admits that he engaged in the misconduct alleged in the OLR's complaint. He recognizes his right to consult with counsel and states that he has, in fact, been represented by counsel during the execution of the stipulation. Attorney Kranitz avers that his entry into the stipulation is made knowingly and voluntarily. In addition, the OLR indicates that the stipulation was not the result of plea-bargaining, and that it represents Attorney Kranitz's assent to the misconduct charged and the level of discipline sought by the OLR.

¶8 In its memorandum in support of the stipulation, the OLR states that it considered a number of prior cases in analyzing what sanction it would request. Ultimately, it concluded that a two-year suspension was the proper level of discipline, reasoning that this matter is analogous to the misconduct found in In re Disciplinary Proceedings Against Stern, 2013 WI 46, 347 Wis. 2d 552, 830 N.W.2d 674 (two-year suspension imposed where attorney convicted in federal court of money laundering and sentenced to one year and one day of imprisonment); and In re Disciplinary Proceedings Against Henningsen, 2004 WI 119, 275 Wis. 2d 285, 685 N.W.2d 523 (two-year suspension imposed where attorney convicted of four counts of mail fraud and sentenced to 33 months of imprisonment). The OLR also sought this same level of discipline in the disciplinary case against Attorney Steven Berman, one of Attorney Kranitz's co-conspirators. See In re Disciplinary Proceedings Against Berman, 2014 WI 2, 351 Wis. 2d 771, 841

5

N.W.2d 50. The OLR further states that in fashioning its sanction request, it considered a number of aggravating factors, including the fact that the conduct involved intentional dishonesty and fraud for personal gain. On the other hand, the OLR notes in mitigation that this is the first time Attorney Kranitz has received professional discipline in a legal career that has spanned more than four decades.

¶9 As briefly mentioned above, the OLR is not seeking a restitution award in this matter. It states that Attorney Kranitz's misconduct was discovered in the course of an FBI "sting" operation, and therefore no individuals were directly harmed by Attorney Kranitz's misconduct. Moreover, Attorney Kranitz did not take into his possession funds belonging to others.

¶10 After closely reviewing this matter, we accept the stipulation and determine that Attorney Kranitz did engage in criminal acts in violation of SCR 20:8.4(b). We determine that a two-year suspension of his license to practice law in this state is an appropriate level of discipline to impose in light of the nature of the misconduct and the other factors present in this case. We have already determined that a two-year suspension was the proper level of discipline to be imposed on Attorney Berman, and we do not see a significant distinction between their situations. Although they played different roles, they were both co-conspirators in the same illegal scheme.

¶11 We further conclude that the suspension should be made effective as of the date on which we summarily suspended

Attorney Kranitz's license, August 9, 2013. This is consistent with our practice in previous disciplinary proceedings involving a prior summary suspension following a criminal conviction. See, e.g., In re Disciplinary Proceedings Against Hughes, 2008 WI 120, ¶13, 314 Wis. 2d 270, 756 N.W.2d 567; In re Disciplinary Proceedings Against George, 2008 WI 21, ¶31, 308 Wis. 2d 50, 746 N.W.2d 236; In re Disciplinary Proceedings Against Burke, 2007 WI 46, ¶16, 300 Wis. 2d 198, 730 N.W.2d 651.

¶12 We do not impose any restitution award under the particular facts of this case. We note, however, that any attorney petitioning for reinstatement from a disciplinary suspension of six months or more is required to allege and demonstrate that the attorney "has made restitution to or settled all claims of persons injured or harmed by [the attorney's] misconduct . . . , or, if not, the [attorney's] explanation of the failure or inability to do so." SCR 22.29(4m).

¶13 Finally, since this matter was brought to the court in the context of an SCR 22.12 stipulation without the appointment of a referee, we do not impose any costs on Attorney Kranitz.

¶14 IT IS ORDERED that the license of Richard A. Kranitz to practice law in Wisconsin is suspended for a period of two years, effective August 9, 2013.

¶15 IT IS FURTHER ORDERED that Richard A. Kranitz shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

7

¶16 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.29(4)(c).