# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP2128-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Richard A. Kranitz, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>　　　Complainant,<br>　　v.<br>Richard A. Kranitz,<br>　　　Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST KRANITZ

| | |
|---|---|
| OPINION FILED: | November 8, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

**2016 WI 90**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.  2013AP2128-D

STATE OF WISCONSIN                    :    IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Richard A. Kranitz, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

  **v.**

**Richard A. Kranitz,**

      **Respondent.**

**FILED**

**NOV 8, 2016**

Diane M. Fremgen
Clerk of Supreme Court

---

ATTORNEY reinstatement proceeding.  *Reinstatement granted upon conditions.*

¶1  PER CURIAM.  We review, pursuant to Supreme Court Rule (SCR) 22.33(3),[1] a report filed by Referee James W. Mohr, Jr., recommending that the court reinstate the license of

---

[1] SCR 22.33(3) provides that "[i]f no appeal is timely filed, the supreme court shall review the referee's report, order reinstatement, with or without conditions, deny reinstatement, or order the parties to file briefs in the matter."

Richard A. Kranitz to practice law in Wisconsin.  Upon careful review of the matter, we agree that Attorney Kranitz's license should be reinstated, with the conditions described herein.  We agree that Attorney Kranitz should be responsible for the costs of this proceeding, which total $3,142.97.

¶2  Attorney Kranitz was licensed to practice law in Wisconsin in 1969.  He practiced corporate law in the Milwaukee and Grafton areas.  He had no disciplinary history until the matter giving rise to this proceeding.

¶3  In 2013, Attorney Kranitz was convicted of one count of conspiracy to commit securities fraud in violation of 18 U.S.C. § 1348, 1349, and 2.  See United States v. Kranitz, CR No. 11-10415-NMG (D. Mass.).  He was sentenced to 18 months at a federal prison camp in Duluth, Minnesota, and served 14 of the 18 months, receiving time off for good behavior.

¶4  The conviction resulted in the summary suspension of his license to practice law pursuant to SCR 22.20.[2]  Thereafter, this court accepted a stipulation executed by Attorney Kranitz and the OLR, and suspended Attorney Kranitz's license to

---

[2] SCR 22.20 provides as follows:

(1) Upon receiving satisfactory proof that an attorney has been found guilty or convicted of a serious crime, the supreme court may summarily suspend the attorney's license to practice law pending final disposition of a disciplinary proceeding, whether the finding of guilt or the conviction resulted from a plea of guilty or no contest or from a verdict after trial and regardless of the pendency of an appeal.

2

practice law for two years for the professional misconduct giving rise to the federal felony conviction. <u>In re Disciplinary Proceedings Against Kranitz</u>, 2014 WI 47, 354 Wis. 2d 710, 848 N.W.2d 292.

¶5  In March 2016, Attorney Kranitz filed a petition seeking reinstatement of his law license.  In June 2016, the OLR filed a response stating it did not oppose the reinstatement petition.  The referee conducted a public hearing in July 2016. At the hearing, Attorney Kranitz testified on his own behalf and called several witnesses, including several business associates, attorneys, and clients who knew, worked, or practiced law with him.  The referee filed his report and recommendation in August 2016, recommending reinstatement.  No appeal was filed.

¶6  SCR 22.31(1)[3] provides the standards to be met for reinstatement.  Specifically, the petitioner must show by clear,

---

[3] SCR 22.31(1) provides:

(1)  The petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:

(a) That he or she has the moral character to practice law in Wisconsin.

(b) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(c) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to (m) and 22.29(5), are substantiated.

(continued)

3

satisfactory, and convincing evidence that he or she has the moral character to practice law, that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive to the public interest, and that he or she has complied with SCR 22.26 and the terms of the order of suspension. In addition, SCR 22.31(1)(c) incorporates the statements that a petition for reinstatement must contain pursuant to SCR 22.29(4)(a)-(4m).[4] Thus, the

---

(d) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

[4] SCR 22.29(4)(a) through (4m) provides that a petition for reinstatement must show all of the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a

(continued)

4

petitioning attorney must demonstrate that the required representations in the reinstatement petition are substantiated.

¶7 When reviewing referee reports in reinstatement proceedings, we utilize standards of review similar to those we use for reviewing referee reports in disciplinary proceedings. We do not overturn a referee's findings of fact unless they are clearly erroneous. On the other hand, we review a referee's legal conclusions, including whether the attorney has satisfied the criteria for reinstatement, on a de novo basis. In re Disciplinary Proceedings Against Jennings, 2011 WI 45, ¶39,

---

person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

(4m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct, including reimbursement to the Wisconsin lawyers' fund for client protection for all payments made from that fund, or, if not, the petitioner's explanation of the failure or inability to do so.

334 Wis. 2d 335, 801 N.W.2d 304; In re Disciplinary Proceedings Against Gral, 2010 WI 14, ¶22, 323 Wis. 2d 280, 779 N.W.2d 168.

¶8 The referee found that Attorney Kranitz demonstrated by clear, satisfactory, and convincing evidence all of the requirements for reinstatement of his Wisconsin law license. The referee found that Attorney Kranitz has not practiced law during the period of his suspension;[5] that he has complied fully with the terms of the order of suspension and will continue to do so until his license is reinstated; that he has maintained competence and learning in the law;[6] that his conduct since the suspension has been exemplary and above reproach; that he has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with those standards; and that he can be safely recommended to the legal profession, the courts, and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and an officer of the courts.

---

[5] During his suspension, Attorney Kranitz was a business consultant from December 15, 2014, following the period of incarceration and home confinement, and from April 2015 to the present he was a business consultant adviser and coach with Advicoach, a national business coaching service. He also manages a private charitable foundation in the Village of Grafton, Wisconsin.

[6] On March 29, 2016, the Board of Bar Examiners filed a memorandum indicating that Attorney Kranitz is currently in compliance with continuing legal education requirements.

¶9  The referee urged reinstatement of Attorney Kranitz's license to practice law, conditioned upon his compliance with the terms of two consent orders issued by the United States Securities and Exchange Commission that are included in the record in this matter.  See In re Richard Kranitz, Securities & Exch. Comm'n, No. 3-16149 (Sec. Exch. Act of 1934, Release No. 73169, Sept. 22, 2014) (https://www.sec.gov/litigation/admin/2014/34-73169.pdf); In re Richard Kranitz, Securities & Exch. Comm'n, No. 3-16149 (Sec. Exch. Act of 1934, Release No. 73170, Sept. 22, 2014) (https://www.sec.gov/litigation/admin/2014/34-73170.pdf).  The consent orders provide that Attorney Kranitz is suspended from appearing or practicing before the Securities and Exchange Commission pursuant to Rule 102(e)(2) of the Commission's Rules of Practice, and is barred from acting as an officer or director of any public corporation registered under the Exchange Act, and barred from participating in any capacity in any offerings of penny stocks.  The referee noted that Attorney Kranitz is aware of both of those consent orders and has stated he will abide by them.

¶10 In rendering his recommendation, the referee noted that Attorney Kranitz was sincere, forthright, credible, and entirely candid in his testimony.  Attorney Kranitz affirmed that he will not do any further securities work, but stated that he would like to train clients and others in various types of financing transactions; and to do contract, estate planning, mergers and acquisitions, and other family corporation type transactions.  The referee noted that Attorney Kranitz is "more

7

than current" in all of his continuing legal education requirements, having taken more ethics credits than were required and has educated himself regarding the variety of criminal law issues involved in securities and corporate law practice.

¶11 The referee noted that several witnesses appeared on behalf of Attorney Kranitz, including attorneys who have known Attorney Kranitz for a long time, and former clients. The referee was particularly impressed by the clients' testimony. They described the extremely high ethical, moral and character standards that Attorney Kranitz adhered to prior to the indictment. Although each of them was very surprised to hear of the indictment, they all testified that their exceedingly high opinion of Attorney Kranitz's character had not decreased and that they would still use him as their attorney, and would refer other clients to him. They described him as an exceptionally qualified attorney who can render a valuable service to the small business community in Wisconsin. The two attorneys who testified in support of Attorney Kranitz's reinstatement were equally laudatory in their testimony. They support his reinstatement petition and praised his extensive knowledge base, which they deem an asset to small businesses in this state.

¶12 Upon review of the record, we agree that Attorney Kranitz has established by clear, satisfactory, and convincing evidence that he has satisfied all the criteria necessary for reinstatement. Accordingly, we adopt the referee's findings of fact and conclusions of law and we accept the referee's

recommendation that we reinstate Attorney Kranitz's license to practice law in Wisconsin, subject to the conditions imposed by the consent orders described herein.

¶13 The referee recommended that Attorney Kranitz should pay the costs associated with this reinstatement proceeding, which total $3,142.97 as of August 17, 2016. Our general practice is to assess full costs against the respondent in a disciplinary proceeding, or against the petitioner in a reinstatement proceeding. See generally SCR 22.24(1), (1m); see also In re Disciplinary Proceedings Against Webster, 2002 WI 100, ¶¶51-52, 255 Wis. 2d 323, 647 N.W.2d 831. We see no reason to deviate from our standard policy here and we impose the costs of this proceeding on Attorney Kranitz.

¶14 Finally, we note that Attorney Kranitz, whose license is suspended, has assumed inactive membership status with the State Bar of Wisconsin. Although his license to practice law is reinstated, effective the date of this order, Attorney Kranitz is reminded that he must make arrangements with the State Bar of Wisconsin to resume active or emeritus status before he resumes the active practice of law.

¶15 IT IS ORDERED that the license of Richard A. Kranitz to practice law in Wisconsin is reinstated, effective the date of this order.

¶16 IT IS FURTHER ORDERED that, as a condition of his reinstatement and as a condition of his continued practice of law, Attorney Kranitz is subject to the terms of two consent orders, the terms of which bar him from appearing or practicing

9

before the Securities and Exchange Commission pursuant to Rule 102(e)(2) of the Commission's Rules of Practice, bar him from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Securities and Exchange Act, 15 U.S.C. s. 78l, or that is required to file reports pursuant to Section 15(d) of the Securities and Exchange Act, 15 U.S.C. s. 78o(d), and bar him from participating in any offering of a penny stock, including: acting as a promoter, finder, consultant, agent, or other person who engages in activities with a broker, dealer or issuer for purposes of the issuance or trading in any penny stock, or inducing or attempting to induce the purchase or sale of any penny stock.

¶17 IT IS FURTHER ORDERED that Richard A. Kranitz shall promptly advise the Office of Lawyer Regulation of any change to the terms of the consent orders referenced in this opinion.

¶18 IT IS FURTHER ORDERED that within 60 days of the date of this order, Richard A. Kranitz shall pay to the Office of Lawyer Regulation costs in the amount of $3,142.97.

¶19 IT IS FURTHER ORDERED that compliance with all of the terms of this order remain a condition of Richard A. Kranitz's license to practice law in Wisconsin.